UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MELISSA M.,

              Plaintiff,              **DECISION AND ORDER**

     v.

                                           6:21-CV-06584-EAW

COMMISSIONER OF SOCIAL SECURITY,

              Defendant.
_____

## INTRODUCTION AND BACKGROUND

Plaintiff Melissa M. ("Plaintiff") seeks attorneys' fees in the amount of $17,791.00 pursuant to 42 U.S.C. § 406(b). (Dkt. 18). The Commissioner of Social Security ("the Commissioner") does not object to the requested amount but defers to the Court to determine the timeliness and the reasonableness of Plaintiff's fee request. (Dkt. 19). For the reasons that follow, the Court grants Plaintiff's motion.

Plaintiff filed her initial complaint in this Court on June 14, 2019, in which she sought review of the Commissioner's final decision denying her application for Disability Insurance Benefits ("DIB"). *See Melissa M. v. Saul*, Case no. 6:19-cv-06435-CJS, Dkt. 1 (W.D.N.Y. June 14, 2019). On May 18, 2020, the Court approved the parties' stipulation for remand, reversing the Commissioner's final decision, and remanding the matter for further proceedings. (*Id.*, Dkt. 21). On July 10, 2020, the Court approved payment of $2,571.98 to Plaintiff's counsel under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), for services performed in connection with that action and awarded $400.00 in costs. (*Id.*, Dkt. 23).

- 1 -

On September 16, 2021, Plaintiff filed the instant action seeking review of the Commissioner's final decision denying her application for Disability Insurance Benefits ("DIB"). (Dkt. 1). Plaintiff moved for judgment on the pleadings on April 20, 2022. (Dkt. 13). On June 22, 2022, the Court approved the parties' stipulation for remand, reversing the Commissioner's final decision, and remanding the matter for further proceedings. (Dkt. 15). By Stipulated Order issued on July 20, 2022, the Court approved payment of $8,000.00 to Plaintiff's counsel under the EAJA for services performed in connection with this action and awarded $402.00 in costs. (Dkt. 17).

On June 6, 2023, the Commissioner issued a Notice of Award in connection with Plaintiff's claim, which stated that it awarded Plaintiff $95,164.00 in past-due benefits and that it withheld 25% or $23,791.00 for Plaintiff's attorneys' fees. (Dkt. 18-2 at 10, 11).

On June 15, 2023, Plaintiff moved pursuant to 42 U.S.C. § 406(b) seeking $17,791.00 in attorneys' fees. (Dkt. 18). In his motion, Plaintiff's counsel indicates that his firm was awarded the sum of $10,571.98 under the EAJA as a result of the two matters that have been filed in this Court, which he will refund to Plaintiff. (Dkt. 18-1 at 2). The Commissioner filed a response on July 17, 2023. (Dkt. 19). Plaintiff filed a reply on October 13, 2023. (Dkt. 20).

## DISCUSSION

**I.     Timeliness of the Motion**

Generally, a fee application under § 406(b) must be filed within 14 days after the entry of judgment. Fed. R. Civ. P. 54(d)(2)(B)(1). Rule 54(a)(2)(B) as applied to § 406(b) motions for attorneys' fees, requires that a party moving for attorneys' fees file the motion

within 14 days of notice of a benefits award. *Sinkler v. Berryhill*, 932 F.3d 83, 88 (2d Cir. 2019). Additionally, a presumption applies that a notice is received "three days after mailing." *Id*. at 89 n.5; *see also* Fed. R. Civ. P. 6(d).

Here, the Commissioner issued the Notice of Award on June 6, 2023. (Dkt. 18-2 at 8). Plaintiff's counsel filed his application nine days later on June 15, 2023. (Dkt. 19). Accordingly, Plaintiff's application is timely.

## II.     The Reasonableness of the Requested Fee

Section 406(b) provides, in relevant part, as follows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. . . .

42 U.S.C. § 406(b)(1)(A). In other words, § 406(b) allows a successful claimant's attorney to seek court approval of his or her fees, not to exceed 25 percent of the total past-due benefits. Section 406(b) "calls for court review of [contingent-fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). This review is subject to "one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." *Id*. "Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id*.

Accordingly, a fee is not automatically recoverable simply because it is equal to or less than 25 percent of the client's total past-due benefits. "To the contrary, because section

406(b) requires an affirmative judicial finding that the fee allowed is 'reasonable,' the attorney bears the burden of persuasion that the statutory requirement has been satisfied." *Id*. at 807 n.17. As such, the Commissioner's failure to oppose the motion is not dispositive. *Mix v. Comm'r of Soc. Sec.*, No. 6:14-CV-06219 (MAT), 2017 WL 2222247, at *2 (W.D.N.Y. May 22, 2017). Several factors are relevant to the reasonableness analysis, including the following: (1) "whether the contingency percentage is within the 25% cap[;]" (2) "whether there has been fraud or overreaching in making the agreement[;]" and (3) "whether the requested amount is so large as to be a windfall to the attorney." *Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990). Also relevant are the following: (1) "the character of the representation and the results the representative achieved[;]" (2) "the amount of time counsel spent on the case[;]" (3) whether "the attorney is responsible for delay[;]" and (4) "the lawyer's normal hourly billing charge for noncontingent-fee cases." *Gisbrecht*, 535 U.S. at 808.

When determining whether a requested fee constitutes a windfall, courts are required to consider: (1) "the ability and expertise of the lawyers and whether they were particularly efficient, accomplishing in a relatively short amount of time what less specialized or less well-trained lawyers might take far longer to do[,]" (2) "the nature and length of the professional relationship with the claimant—including any representation at the agency level[,]" (3) "the satisfaction of the disabled claimant[,]" and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." *Fields v. Kijakazi*, 24 F.4th 845, 854-55 (2d Cir. 2022).

Here, Plaintiff's counsel seeks $17,791.00 that represents the balance of $23,791.00—the amount withheld by the Commissioner for payment of attorneys' fees—less the $6,000.00 that counsel will receive in legal fees for representing Plaintiff at the administrative level. (Dkt. 18-1 at 2; Dkt. 18-2 at 2). Utilizing the factors set forth above, the Court finds that the amount sought by counsel in within the 25 percent cap set by § 406(b). The Court finds that there is no evidence of fraud or overreaching in the making of the contingency agreement between counsel and Plaintiff. Counsel's law firm provided effective representation resulting in Plaintiff successfully receiving the benefits sought. And Plaintiff has submitted an affidavit expressing that she is very satisfied with the outcome of such representation. (Dkt. 18-2 at 38).

Counsel submits that 96.55 hours of work was expended by his firm on representing Plaintiff's interests in both proceedings filed with the Court, where 94.65 hours were expended by attorney(s) and 1.90 hours were spent by his support staff. (Dkt. 18-2 at 28-36). He explains that such hours were reasonable in light of Plaintiff's particularly time-consuming matter because her application for benefits was denied twice at the administrative level, and required that three administrative hearings and two separate actions be filed in federal court before her claim for benefits was eventually approved by the Commissioner. (Dkt. 18-2 at 1-3).

While it is obvious that counsel's involvement in assisting Plaintiff in her application has been significant, the Court notes that the total hours expended by counsel on each federal court action far exceeded the average hours that an attorney typically spends on a routine social security case. *See Hogan v. Astrue*, 539 F. Supp. 2d 680, 682

(W.D.N.Y. 2008) ("district courts in this Circuit have held that a routine social security case requires from twenty to forty hours of attorney time"); *see also Maldonado v. Comm'r of Soc. Sec.*, No. 17-CV-6483 (WFK), 2022 WL 3655213, at *3 (E.D.N.Y. Aug. 24, 2022) (collecting cases). While the matter at hand could have required more hours than is typically needed in a run-of-the-mill social security case, the hours in this case far exceed the norm. Thus, considering the total hours alone, a reduction in the requested fee award might be warranted.

However, the hourly rate requested is significantly lower than the rates approved by courts. Specifically, the requested fee would result in a *de facto* blended hourly rate, *i.e.*, the rate that includes both attorney and support staff hours, of $184.27 ($17,791.00 divided by 96.55 hours). And the bulk of the time, as noted above, was attorney time. This is significantly lower than the range of rates under § 406(b) approved in this Circuit. *See e.g.*, *Fields,* 24 F.4th at 856 (an effective hourly rate of $1,556.98 was not a "windfall"); *Jennifer W. v. Saul*, 18-CV-493F, 2021 WL 1624288, at *3 (W.D.N.Y. Apr. 27, 2021) (approving an effective hourly rate of $812.75); *Valle v. Colvin*, No. 13-CV-2876 (JPO), 2019 WL 2118841, at *3 (S.D.N.Y. May 15, 2019) (effective hourly rate of $1,079.72 did not constitute a "windfall" to counsel).

Accordingly, in light of the above, the Court finds that the requested fee award of $17,791.00 is reasonable and in line with awards generally approved in this District for similar work performed. The Court is also mindful that "payment for an attorney in a social security case is inevitably uncertain." *Wells*, 907 F.2d at 371. Accordingly, "the Second

Circuit has recognized that contingency risks are necessary factors in determining reasonable fees under § 406(b)." *Id*.

The Court also notes that counsel is required to return the previously awarded EAJA fee of $10,571.98 to Plaintiff. *See Gisbrecht*, 535 U.S. at 796 ("Fee awards may be made under both [EAJA and § 406(b)], but the claimant's attorney must refund to the claimant the amount of the smaller fee . . . .").

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for attorneys' fees under § 406(b) (Dkt. 18) is granted, and the Court hereby orders as follows: (1) Plaintiff's counsel is awarded attorneys' fees in the amount of $17,791.00; and (2) Plaintiff's counsel is hereby directed to refund the previously awarded EAJA fee of $10,571.98 to Plaintiff.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:	December 11, 2023
	Rochester, New York